# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| Angenita Mosley,  )  <br>  ) <br> Plaintiff, ) <br> v. ) <br>  ) <br> Kilolo Kijakazi, Acting Commissioner ) <br> of Social Security, ) <br>  ) <br> Defendant. ) <br> _____ ) | Civil Action No. 1:22-2623-RMG <br><br> **ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 3, 2023, recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). Plaintiff timely filed objections to the R & R, asserting that the Administrative Law Judge ("ALJ") failed to address the combined effects of Plaintiff's extreme obesity on her other severe impairments when determining the claimant's residual functional capacity ("RFC"), as required by SSR 19-2p, 2019 WL 2374244 (2019). (Dkt. No. 18). The Defendant filed a response arguing that the Court should adopt the R & R and affirm the decision of the Commissioner. (Dkt. No. 19). For reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further proceedings consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Social Security Administration adopted a new rule in 2019, SSR 19-2p, concerning the evaluation of disability claims involving obesity. The new rule described obesity as "a complex

disorder . . .[that] is generally the result of many factors including environment, family history and genetics, metabolism and behavior." 2019 WL at *2. Obesity is defined under 19-2P as a BMI of 30.0 or greater. *Id*. The rule recognized that obesity "in combination with another impairment(s) may or may not increase the severity or functional limitations of the other impairment(s)." *Id*. The rule noted that obesity "increases stress on weight-bearing joints" and may adversely affect the spine and extremities. *Id.* at *4. For this reason, the "combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately." *Id*. The Social Security Administration committed itself that in evaluating a claim for disability, "[w]e must consider the limiting effects of obesity when assessing a person's RFC. *Id*.

## Factual Background

Plaintiff was born on April 2, 1970 and was 51 years old at the time of the ALJ's decision denying her claim for disability benefits. Her BMI was documented to be in excess of 60, twice the level of for determining obesity. (Dkt. No. 8-7 at 35, 48). The ALJ found Plaintiff suffered from multiple severe impairments, including neuropathy, degenerative disc disease of the lumbar spine, degenerative joint disease, chronic kidney disease stage III, asthma, and obesity. (Dkt. No. 8-2 at 31). The ALJ's decision recognized each of these severe impairments but failed to address whether the effects of these numerous severe impairments were greater due to Plaintiff's obesity and, if so, to what degree. Instead, the ALJ summarily dismissed Plaintiff's severe obesity by stating that there was "no evidence of aggressive treatment such as gastic bypass or bariatric surgery suggested by a medical provider." (*Id*. at 35).[1] The ALJ found that Plaintiff retained the residual functional

---

[1] Plaintiff at this time had no medical insurance and received her care at a free medical clinic, which certainly did not have the facilities for performing such medical procedures. It has long been established that it "flies in the face of the patent purposes of the Social Security Act to

capacity to do less than the full scope of light work and, and, consequently, denied Plaintiff's claim of disability benefits. (*Id*. at 33).

The administrative record contains unchallenged evidence that Plaintiff's severe obesity exacerbates multiple medical conditions. Her treating medical provider, a nurse practitioner at a free medical clinic, documented that Plaintiff's obesity worsened her osteoarthritis, reflux, laryngeal edema, and shortness of breath and would eventually result in pulmonary hypertension and right sided heart failure. (Dkt. No. 8-7 at 78). The nurse practitioner further documented Plaintiff's limited access to medical treatment and inability to obtain certain medications at the free clinic to suppress her appetite. (*Id*. at 55, 78). An evaluation of Plaintiff by a consultant for the Social Security Administration documented Plaintiff's BMI at 62.3, noted she was unable to perform a tandem gait "due to obesity," and found that she suffered from uncontrolled hypertension, knee pain, tingling and numbness in her feet, and possible diabetes mellitus Type 2. (*Id*. at 32-36). These conditions are often associated with and/or exacerbated by severe obesity.

## Discussion

It is important at the outset to recognize where Plaintiff falls on the disability continuum. As a 51 year old claimant, she would be deemed disabled if she was limited to sedentary or less than sedentary work. 20 C.F.R. Pt. 404, subpart P, App. 2, §§ 201(g), 201.12. The ALJ's finding that Plaintiff is limited to less than the full scope of light work is the lowest level of function before a claimant such as Plaintiff is deemed disabled. Thus, even a small error or omission by the ALJ might tip the balance toward disability.

---

deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984).

The ALJ plainly committed error in evaluating the Plaintiff's claim for disability by not considering the combined effects of Plaintiff's severe obesity on her multiple other severe impairments, as mandated by SSR 19-2p. The Plaintiff's medical record documents that her severe obesity was exacerbating numerous other significant impairments, including joint pain, shortness of breath, neuropathy, and reflux and would likely lead to pulmonary hypertension and right sided heart failure. (Dkt. No. 8-7 at 78). The Social Security Administration's own medical consultant documented many untreated medical conditions commonly associated with obesity, including diabetes and hypertension. (*Id*. at 32-36).

The ALJ's failure to comply with the mandates of SSR 19-2p require reversal and remand so that the ALJ can address the effect of Plaintiff's severe obesity on her other medical impairments in determining the claimant's proper RFC. This includes careful consideration of the findings of Plaintiff's treating provider and the consulting physician in assessing the full impact of Plaintiff's severe obesity.

## Conclusion

Based on the foregoing, the Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** the matter to the Commissioner for further administrative proceedings consistent with this order.

**AND IT IS SO ORDERED**.

                                        s/Richard M. Gergel
                                        Richard Mark Gergel
                                        United States District Judge

Charleston, South Carolina
May 15, 2023